CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-Mail: honolululaw808@gmail.com

MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695
E-Mail: honolululawyer@outlook.com

Attorneys for Plaintiff
Adrianne Haack

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ADRIANNE HAACK, | CIVIL NO. _____ |
| Plaintiff, | COMPLAINT; JURY DEMAND; SUMMONS |
| vs. | |
| EAST HAWAII MEDICAL GROUP, HAWAII HEALTH SYSTEMS FOUNDATION, HILO MEDICAL CENTER, | |
| Defendants. | |

COMPLAINT

COMES NOW, Plaintiff, ADRIANNE HAACK by and through her attorneys Charles H. Brower and Michael P. Healy, and for causes of action against Defendants, alleges and avers as follows:

## STATUS OF THE PARTIES

1. Plaintiff ADRIANNE HAACK (hereinafter "HAACK") is and was at all times mentioned herein a resident of Hilo, State of Hawaii.

2. Defendant EAST HAWAII MEDICAL GROUP, (hereinafter "EAST HAWAII") is and was at all times mentioned herein is a domestic non-profit corporation incorporated in the State of Hawaii, and is a subsidiary of Hawaii Health Systems Foundation.

3. Defendant HAWAII HEALTH SYSTEMS FOUNDATION, (hereinafter "HAWAII HEALTH") is and was at all times mentioned herein a domestic non-profit corporation incorporated in the State of Hawaii, which operates the Hilo Medical Center.

4. Defendant HILO MEDICAL CENTER (hereinafter "HMC") is and was at all time mentioned herein a domestic non-profit corporation incorporated in the State of Hawaii.

## NATURE OF THE CASE

5. Plaintiff was hired by Defendants on June 15, 2020, as a Resident Physician at HMC.

6. Plaintiff had a young child and had to express milk while at work. Plaintiff requested an accommodation for scheduled breaks to meet her need to express milk for the baby while at work.

7. Plaintiff also requested an accommodation for her Crohn's disease because she occasionally had to take breaks due to her condition after she had flare ups due to a hostile work environment created by treatment by Defendants' employees.

8. Plaintiff was denied reasonable accommodations and Defendant did not engage in an interactive process regarding Plaintiff's requests for accommodation.

9. Plaintiff was terminated on November 2, 2021, due to her female sex, disability discrimination, and in retaliation for complaining about discrimination.

10. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) based upon sex discrimination, disability, and retaliation which was assigned case number 486-2022-00101.

## JURISDICTION

11. The jurisdiction of this Court is pursuant to The Americans With Disability Act of 1990, as amended by the ADA Amendments Act of 2008, and Title VII of the Civil Rights Act of 1994, as amended.

12. The administrative prerequisites for filing this cause of action have been fulfilled. A Dismissal and Notice of Rights was issued by the EEOC on June 24, 2022.

## STATEMENT OF FACTS

13. In December 2019, Plaintiff interviewed for a position as a Resident Physician at HMC.

14. On February 12, 2020, Plaintiff gave birth to a daughter.

15. On June 15, 2020, Plaintiff was hired as a Resident Physician at HMC.

16. During work hours, Plaintiff needed to express milk for her new baby.

17. Plaintiff's typical schedule was Sunday to Friday for 84 hours or more.

18. Plaintiff's supervisors harassed and discriminated against Plaintiff because of her need to express milk and take breaks to express milk.

19. Plaintiff complained to her supervisors about the harassment and discrimination and lack of breaks.

20. Supervisors complained about Plaintiff's need to take breaks to express milk.

21. Supervisors would make remarks about Plaintiff having a child and mentioned that they did not have children so they could concentrate on their medical careers.

22. A Supervisor who made these statements gave Plaintiff a failing grade in her Behavior Health rotation and also gave Plaintiff additional work and requirements that others were not given.

23. Plaintiff complained to the Residency Program Director about the actions of her supervisor.

24. Plaintiff complained that Defendants did not comply with Hawaii Revised Statutes § 378-92, in allowing proper breaks for expressing milk.

25. Plaintiff was required to repeat the Behavior Health rotation.

26. Plaintiff asked for one hour breaks to express milk which were denied.

27. Plaintiff successfully passed the repeat Behavior Health rotation in December 2020.

28. In January 2021, Plaintiff was given 30-40 minute breaks to express milk, but this ended when her child was 12 months old in February 2021. The breaks were not provided in the clinic since no place was provided to express milk.

29. In May 2021, Plaintiff became pregnant with a second child.

30. On May 14, 2021, Plaintiff was given a Disciplinary Program Level Action Plan by the Program Director citing that Plaintiff had been late to didactic several times due to necessary breaks to express milk.

31. In September 2021, Plaintiff notified the Program Director of her new pregnancy.

32. Plaintiff was to begin a Family Medical Leave Act maternity leave in February 2022, for her second child's birth.

33. On October 21, 2021, Plaintiff met with the Program Director and a Human Resources representative. Plaintiff was warned that she should not be "complaining about discrimination" and saying she was "being treated differently" due to her post pregnancy issues. Plaintiff was told her complaints of discrimination were "threatening" and "inappropriate", and that Plaintiff should be "remorseful" for complaining about discriminatory treatment.

34. On October 21, 2021, Plaintiff notified Human Resources that she from time to time, would need accommodation for her Crohn's disease by taking breaks of 20 to 30 minutes. Her Crohn's disease symptoms had been aggravated due to the discriminatory treatment and hostile work environment. The request was supported by a medical report from Plaintiff's physician. Plaintiff had been diagnosed with Crohn's disease when she was 20 years old.

35. In September 2021, Plaintiff asked for an accommodation for testing because of her Crohn's disease regarding a computer test exam scheduled for October 27, 2021, which was denied.

36. On November 2, 2021, Plaintiff met with her Program Director and a representative of Human Resources, and was told she was being terminated that day.

37. The discriminatory actions of Defendants and its employees as described above are intentional, oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

6

## STATEMENT OF CLAIMS

## COUNT I

## DISABILITY DISCRIMINATION

38. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

39. The Americans With Disabilities Act of 1990, as amended, prohibits discrimination due to a disability, and requires an employer to provide a reasonable accommodation to a person with a disability. It also provides that an employer must not retaliate against an employee for requesting an accommodation and complaining about discrimination.

40. The aforesaid acts and/or conduct of Defendants constitute discrimination as they were acts and/or failure to act by Defendants and its employees in direct violation of the Americans With Disabilities Act of 1990, as amended.

41. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, other benefits due her, and attorney's fees, as well as expenses to seek employment.

42. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from

unlawful employment practices, and great humiliation, which is manifest in emotional distress.

43. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

## COUNT II

## SEX DISCRIMINATION

44. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

45. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination and termination due to female sex and based on retaliation for complaining of discrimination.

46. The aforesaid acts and/or conduct of Defendant and its employees/agents constitutes discrimination as they were acts and/or failure to act by Defendant and its employees/agents in direct violation of Title VII of the Civil Rights Act of 1964, as amended.

47. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due her.

48. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

49. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

## COUNT III

### WHISTLEBLOWER'S PROTECTION ACT

50. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

51. The discrimination and termination alleged was in violation of H.R.S. § 378-62 due to Plaintiff's complaints about unlawful discrimination.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

53. Defendants and its employees' treatment of Plaintiff as stated herein, constitutes extreme and outrageous behavior. Defendants and its employees' actions as described above were done with malice and with the intent to cause, or the knowledge that it would cause, severe emotional and mental distress to Plaintiff.

54. As a direct and proximate result of Defendants and its employees' actions, Plaintiff has suffered and continues to suffer emotional and mental distress, thereby entitling Plaintiff to relief related thereto, as stated herein, including an award of general damages.

55. The discriminatory actions of Defendants and its employees as described above are intentional, oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

## COUNT V

## HOSTILE WORK ENVIRONMENT

56. Plaintiff repeats and realleges all prior allegations as if set further fully herein.

57. Plaintiff alleges that the acts alleged herein created a hostile work environment based upon discrimination for which she is entitled to an award of all damages to which she is entitled in an amount to be proven at trial.

WHEREFORE, upon a hearing hereof Plaintiff HAACK prays that judgment be entered on all Counts:

A. For reinstatement to Plaintiff HAACK's position with Defendants, in the Residency Program, including all benefits; and

B. For all damages to which Plaintiff HAACK is entitled, including general damages and other damages to be proven at trial; and

C. For special damages, including back pay, front pay and other expenses; and

D. For punitive damages; and

E. For attorney's fees, costs, and interest, including prejudgment interest; and

F. For such other and further relief as is appropriate.

DATED: Honolulu, Hawaii, September 21, 2022.

      /s/ Charles H. Brower
      CHARLES H. BROWER
      MICHAEL P. HEALY
      Attorneys for Plaintiff
      Adrianne Haack

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ADRIANNE HAACK, ) | CIVIL NO. _____ |
| ) | |
| Plaintiff, ) | JURY DEMAND |
| ) | |
| vs. ) | |
| ) | |
| EAST HAWAII MEDICAL ) | |
| GROUP, HAWAII HEALTH ) | |
| SYSTEMS FOUNDATION, ) | |
| HILO MEDICAL CENTER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## JURY DEMAND

COMES NOW, Plaintiff Adrianne Haack, pursuant to Rule 38 of the Federal Rules of Civil Procedure, and demands a trial by jury of all issues in this case.

DATED: Honolulu, Hawaii, September 21, 2022.

        /s/ Charles H. Brower
        CHARLES H. BROWER
        MICHAEL P. HEALY
        Attorneys for Plaintiff
        Adrianne Haack

HID 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Hawaii

| | |
|---|---|
| ADRIANNE HAACK, <br><br> *Plaintiff* <br><br> v. <br> EAST HAWAII MEDICAL GROUP, HAWAII HEALTH SYSTEMS FOUNDATION, HILO MEDICAL CENTER, <br><br> *Defendant* | ) ) ) ) ) ) ) ) ) Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* ALL NAMED DEFENDANT(S),

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  CHARLES H. BROWER, ESQ.
900 FORT STREET, SUITE 1210
HONOLULU, HI 96813
TELEPHONE: (808) 526-2688
FACSIMILE: (808) 526-0307
EMAIL: HONOLULULAW808@GMAIL.COM

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*